The opinion of the Court, was delivered by
Hornblower, C. J.
This is an action of debt for a legacy given to the plaintiff by the defendant’s testator. The defendant having pleaded a deficiency of assets, auditors were appointed by this Court pursuant to the second section of the act for the m.ore speedy recovery of legacies, (R. L. 49.) to examine the accounts of the executors and to ascertain and report whether any and what balance remained in the hands of the defendant the surviving executor, after payment of all the testator’s debts. By their report it appears, that on the first of September 1817, there remained in the hands of the defendant, the sum of seventy-five dollars and sixty-nine cents, the whole of which, together with interest thereon up to the date of the report, amounting in the aggregate to the sum of one hundred sixty-five dollars and twenty-nine cents to be applied towards satisfying the legacy given to the plaintiff. The auditors further state that they are unwilling to report the defendant “ faulty ” in delaying to pay the said balance to the legatee, as he had been led to believe from an indorsement made by one of the Judges of the Orphans’ Court, upon the account stated, that he had fully administered the estate; and they direct that the defendant pay the costs and charges of examining and auditing the accounts by them, amounting to seventy-three dollars and seventy-seven cents, “ subject to 'suoh order as the Supreme Court may make in relation thereto.”
The counsel for the plaintiff, now moves for judgment against the defendant and for costs, de bonis propriis. This motion *229 is resisted by the defendant’s counsel, and he on the contrary, moves that so much of the balance of one hundred and sixty-five dollars twenty-nine cents, reported to be in the hands of the defendant as may be necessary for that purpose, may be applied to pay off and satisfy the costs and expenses of examining and auditing the defendant’s accounts.
The fourth section of the act (R. L. 51.) directs that the Court, upon consideration of the report of the auditors, shall “according to equity and justice,” either award no costs, or costs out of the testator’s estate, or in case the executor has been faulty, in delaying to pay the legacy demanded, or a proportional part thereof without sufficient excuse, then out of his own estate.— The costs here spoken of must, I think relate as well to the expenses of examining the accounts of the executor as to the costs of the action for the legacy, because, by the very terms of the act, a reference to auditors is a proceeding in the cause. By whom then, “according to equity and justice” ought the expenses and costs to be paid in this case? Most certainly if the defendant has been faulty in delaying to pay over the balance in his hands to the legatee, then the defendant ought to pay them out of his own estate; and in my judgment he has been faulty, and is without any reasonable excuse for having so long delayed to pay over the balance to the plaintiff Almost twenty years ago the defendant settled his accounts in the Orphans’ Court; and upon his own showing, there was then a balance of seventy-five dollars and sixty-nine cents, remaining in his hands. The auditors have indeed attempted to excuse him for retaining that money in his hands, upon the ground that he was induced to believe, by some memorandum made on the paper, by one of the Judges that a further allowance of eighty dollars, was to be made to him. But if the executor was entitled, or supposed himself entitled to such further allowance, whose duty was it to establish the claim, obtain the allowance, and close up the accounts ? Certainly it was the executor’s duty. Instead of doing so, he submits to the account as stated, and retains the balance in his hands; and now when the legatee, after a demand made, and a refunding bond tendered, brings suit for his legacy, the defendant compels the Court, by his plea, to refer the matter to auditors to ascertain the true condition of the estate. Upon every principle of justice *230 therefore, the defendant ought to pay the expense of that proceeding ; and I am equally clear that the plaintiff ought to have judgment for the costs of suit, de bonis propriis. He had no way to get this balance out of the hands of the executor but by bringing this action, and if he had not done so, the defendant might have retained the money to his own use forever. I have not the least suspicion that the executor had any improper design in withholding this money; but his misapprehension of his rights in relation to the balance in his hands, will not excuse him from the payment of costs. The opinion expressed by the auditors that the executor was not faulty; or rather their unwillingness to pronounce him so, though entitled to respect, does not conclude this matter; the Court must determine the question of costs, upon the facts reported by the auditors, or otherwise established.
It is objected however, that as the plaintiff’ has failed to recover a sum exceeding two hundred dollars, he is precluded from costs, by the provisions of the act to prevent suits under a certain sum being brought in the Supreme Court, passed the sixth November 1797. {Rev. Laws 309 — Sec. 1.) But this I think is a mistake; and I think so for two reasons: First, because the recovery or judgment in this case is in form, at least, for more than two hundred dollars. It is for the whole legacy sued for, (which if I recollect, is six thousand dollars.) As to the amount of assets found to be in the hands of the defendant, the plaintiff is to have execution immediately, and for the residue; cquando acciderint (See 2d. section of the act, Rev. L. 50.) But 2dly. because the act of 1797, does not in my opinion alter or by implication, repeal the act of 1774. It is only in virtue of the act of 1774 {Rev Laws 49.) that an action at law, can be brought for a legacy; and by the first section it is expressly provided, that if the legacy amounts to the value of fifteen' pounds or upwards, such action may be brought in the Supreme Court, or in any other Court of record; and if the legacy is due, and sufficient assets in the hands of the executor to discharge it, the legatee shall recover, with costs of suit. To give the effect contended for, to the act of 1797, {Rev. Laws, 309.) We must understand it, as so far modifying the act of 1774, as to give a legatee a right to recover his legacy in the Supreme Court, with costs *231 only in a case where the legacy exceeds eighty pounds or two” hundred dollars. This I think we are not hound to do, by any rule of construction. It is true, the act of 1797 is very comprehensive in its terms. It enacts, “that if in any suit which shall be instituted in the Supreme Court, the plaintiff shall not recover above two hundred dollars exclusive of costs ” he shall not recover costs. The statute then excepts from this provision, suits involving the titles to lands, and suits removed into the Supreme Court by the defendant; and the last section repeals certain acts specifically mentioned, and “every act and part of acts coming within the purview” of that act. Hence it is plausibly argued, that suits for legacies, are not only included in the words of the enacting clause, but the idea of their exemption therefrom, is excluded by the specific exceptions, upon the maxim that expressio unius est exelusio alterius. And it is further insisted, that the sweeping repeal of all acts and parts of acts, within the purview of that act, modifies the act of 1774 so far as to deny costs to a legatee who recovers a sum not exceeding two hundred dollars. If legacies had been recoverable at law independent of any statute, I should have entertained no doubt on the question of costs, in this Court, where the plaintiff did not recover more than two hundred dollars. But that is not the ease. The right of this Court to entertain suits for legacies is founded on, and derived from the act of 1774. By that act this Court has jurisdiction of suits for all legacies of the value of fifteen pounds and upwards, and is authorized to give judgment for the same, with oosts, under certain circumstances; and in others are vested with equitable power to award costs or not; and if costs are allowed, to order it to be paid de bonis testatoris, or de bonis propriis, according to “justice and equity.” This jurisdiction was no doubt given to the Supreme Court on account of the intrinsic difficulty often incident to such suits, involving, as they sometimes must, when a want of assets is pleaded, the settlement of extensive and intricate accounts. This salutary jurisdiction, and the right of legatees to come into this Court, ought not to be impaired by any latitude of construction. Besides it was evidently the policy of the legislature and the design of the act of 1797, to discourage the prosecution of suits of ordinary common law jurisdiction, for small sums, in the Su« *232 preme Court, and not to interefere with any new and’ special jurisdiction given to that Court by any pre-existing statute.
The case of Woodruff v. Woodruff Penn. R. 552, was also cited at the bar, as having some influence oa this question; but it has none. If that case settles any law, it only establishes the position) that the Court for the trial of small causes, has jurisdiction of actions for legacies to the value of one hundred dollars. But Mr. Justice Pennington dissented on that point, from his brethren; and if the question should be again raised in this Court, I should not be surprised if his argument should prevail.
Upon the whole I am of opinion the plaintiff is entitled to judgment, with costs, including the costs and expenses of auditing the defendant’s accounts, de bonis propriis.
Ford and Ryerson, Justices, concurred.